UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANNAH R. GILLIAM,

       Plaintiff,

                                    Case No. 1:04-CV-658

v.

                                    Hon. Gordon J. Quist

KENT COUNTY JAIL MEDICAL/CMS
*et al.*,

       Defendant.
_____/

## ORDER OF DISMISSAL

       Plaintiff, acting *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendants' motion to dismiss for failure to prosecute pursuant to Fed. Rules Civ. Proc. 41(b) (docket no. 23).

       Plaintiff filed this suit on October 1, 2004. Since that date, plaintiff has taken no steps to prosecute her suit. Plaintiff has not responded to either the December 27, 2004, motion to dismiss filed by defendant Tuma or to the February 8, 2005, motion for summary judgment filed by defendants Kent County and Cathy White. In addition, plaintiff has failed to provide the court with a valid mailing address. At the time she filed suit, plaintiff was an inmate at the Kent County Jail. However, she is no longer at that facility. A copy of the court's March 28, 2005, order for substitution of counsel sent to plaintiff via U.S. mail was returned to the court with the following notation: return to sender from Kent Co. jail; inmate not here." (Docket no. 22.) Plaintiff has failed to advise the court of her current address.

Fed. R. Civ. P. 41(b) provides that, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Here, plaintiff has failed to respond to two previously filed dispositive motions in addition to the present motion to dismiss. Plaintiff's failure to respond to three dispositive motions suggests that she has abandoned her suit. Furthermore, plaintiff's failure to advise the court of her current address renders it impossible for the court to adjudicate her suit and is grounds for dismissal for want of prosecution. *See* W.D. Mich. LCivR 41.1 ("[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution"). While plaintiff is a pro se litigant, she is required to follow the rules of procedure. *See Fields v. County of Lapeer*, No. 99-2191, 2000 WL 1720727 at * 2 (6th Cir. Nov. 8, 2000); *Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). "Pro se litigants are required to follow the rules of civil procedure and easily-understood Court deadlines." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).

Accordingly, defendants' motion is GRANTED and plaintiff's suit is dismissed without prejudice.

**IT IS SO ORDERED.**


Dated: June 8, 2005               /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE